1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, Esq. (No. 148213)
2      tim@thimeschlaw.com
   158 Hilltop Crescent
3  Walnut Creek, CA 94597-3457
   Telephone: (925)588-0401
4
   Attorneys for Plaintiffs
5  ED MUEGGE

**FILED**

JAN 2 4 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

6

7

8            UNITED STATES DISTRICT COURT
9         NORTHERN DISTRICT OF CALIFORNIA

10  ED MUEGGE,                     **CV 11      0332**

                                   CASE No.
11        Plaintiffs,              Civil Rights

12  v.                             **COMPLAINT FOR INJUNCTIVE RELIEF
                                   AND DAMAGES**: DENIAL OF CIVIL
13                                 RIGHTS OF A DISABLED PERSON IN
    DOUBLETREE ROHNERT PARK, also  VIOLATION OF THE AMERICANS WITH
14  doing business as "Doubletree  DISABILITIES ACT, AND IN
    Hotel Sonoma Wine Country";    VIOLATION OF CALIFORNIA'S
15  RLH PARTNERSHIP, L.P.; RED     DISABLED RIGHTS STATUTES
    LION G.P., INC.; HLT OPERATE
16  DTWC CORP.; HLT OPERATE DTWC,  DEMAND FOR JURY TRIAL
    LLC; DOUBLETREE DTWC
17  CORPORATION; DOUBLETREE DTWC,  [Proper Intradistrict
    LLC; DOUBLETREE, LLC; HILTON    Assignment: Western/Los
18  HOTELS CORPORATION; and DOES    Angeles]
    1 through 50, Inclusive,
19
          Defendants.
20  _____/

21

22       Plaintiff ED MUEGGE, on behalf of herself and all other

23  similarly situated disabled persons, hereby complains of

24  Defendants DOUBLETREE ROHNERT PARK, a business entity, form

25  unknown, also doing business in California as "Doubletree Hotel

26  Sonoma Wine Country", served under California Code of Civil

27  Procedure §369.5; RLH PARTNERSHIP, L.P., a Delaware Limited

28  Partnership doing business in California, and aka "RLH

─────────────────────
**Complaint for Injunctive Relief and Damages**

FILE BY FAX

1  Partnership"; RED LION G.P., INC., a Delaware Corporation, as a
2  general partner of RLH Partnership, L.P.; HLT OPERATE DTWC
3  CORP., a Delaware Corporation doing business in California which
4  has surrendered its California corporate registration, and
5  which, on information and belief, is aka "HLT Operate DTWC,
6  LLC", and which has surrendered its corporate registration in
7  California; HLT OPERATE DTWC, LLC, a Delaware Limited Liability
8  Corporation doing business in California, which, on information
9  and belief is aka "HLT Operate DTWC Corp."; DOUBLETREE DTWC
10  CORPORATION, a Delaware Corporation doing business in
11  California, and which has surrendered its corporate registration
12  in California, and on information and belief is currently doing
13  business as "Doubletree DTWC, LLC"; DOUBLETREE DTWC, LLC, a
14  Delaware Limited Liability Corporation doing business in
15  California, which, on information and belief is aka "Doubletree
16  DTWC Corporation", and which has surrendered its corporate
17  registration in California; DOUBLETREE, LLC, a Delaware Limited
18  Liability Company doing business in California; HILTON HOTELS
19  CORPORATION, a North Carolina Corporation doing business in
20  California; and DOES 1 through 50, Inclusive (hereafter
21  "Defendants"), and demands a trial by jury, and alleges as
22  follows:
23
24  **INTRODUCTION**
25        1.    Defendants own, operate and/or lease the subject
26  Doubletree Hotel Sonoma Wine Country, a hotel with approximately
27  245 rooms (which include suites) located at One Doubletree
28  Drive, Rohnert Park, California.

Complaint for Injunctive Relief and Damages               —2—

1   2. Plaintiff ED MUEGGE is a person with disabilities

2 and requires the use of a wheelchair or scooter for mobility,

3 and has certain, short-term semi-ambulatory abilities.  He also

4 has certain physical limitations that relate to his ability to

5 grasp issues.

6   3. A former long-time resident of Sonoma County, he

7 returns to the Santa Rosa area often to visit family and

8 friends.  The Doubletree Hotel Sonoma Wine Country is convenient

9 to his transportation-route from the airport and its local drop

10 off.  Within the two year period preceding the filing of this

11 Complaint, he has stayed multiple times at this hotel as a

12 paying guest, and also has been deterred from returning for his

13 lodging needs.  As of this filing, he would like to stay at the

14 hotel during his next planned trip.

15   4. This is a suit to require Defendants to remediate

16 the hotel so that it fully accessible and usable by persons with

17 disabilities such as Plaintiff.  Defendants maintain barriers

18 along the accessible route from the boundary of the site, their

19 normal paths of travel, their exterior and interior paths of

20 travel, their parking, their lobby, their concierge desk, their

21 public restrooms, their pool, their restaurant and patio, their

22 bar, their café, their business center, their fitness center,

23 their gardens, their guestrooms and suites, and, on information

24 and belief, many of their other amenities and facilities.  These

25 barriers make the hotel inaccessible to physically disabled

26 persons who use wheelchairs or crutches, including Plaintiff.

27 Most humiliatingly, the designated disabled accessible

28 guestrooms themselves, which do not offer equal privileges, are

**Complaint for Injunctive Relief and Damages**    — 3 —

1   inadequate in number, have substantial barriers, and are not
2   spread across the full range of accommodations offered by the
3   hotel.

4         5.   The hotel was built during the statutory period
5   under California's accessibility statutes, and construction
6   alterations and remodeling carried out at this facility, each of
7   which triggered further access requirements under California
8   law, as well as (for work occurring post January 26, 1992) under
9   the requirements of the Americans With Disabilities Act of 1990.
10  As described herein below, Plaintiff seeks injunctive relief to
11  require that the subject Doubletree Hotel Sonoma Wine Country
12  which he visited and was unable to enter and use on a full and
13  equal basis, be made accessible to disabled persons to meet the
14  requirements of both California law and the Americans With
15  Disabilities Act of 1990.   Plaintiff also seeks deterrence
16  damages for violation of his Civil Rights for each date of
17  specific deterrence until such date as Defendants bring their
18  public facilities into full compliance with the requirements of
19  California and federal law.

20

21  **JURISDICTION AND VENUE**

22        6.   This Court has diversity jurisdiction over this
23  action pursuant to Section 28 USC 1332.   Plaintiff is a citizen
24  of Hawaii, and the defendant owner-operators-lessors of the
25  Subject Property in Santa Rosa are citizens of various states,
26  including California.   Pursuant to pendant jurisdiction,
27  attendant and related causes of action, arising from the same
28  facts, are also brought under California law, including but not

Complaint for Injunctive Relief and Damages                    — 4 —

1 limited to violations of California Health & Safety Code

2 Sections 19955 *et seq.*, including Section 19959; Title 24

3 California Code of Regulations; and California Civil Code

4 Sections 54 and 54.1 *et seq.* Further, Plaintiff claims injury

5 and discrimination by past and ongoing policies related to the

6 reservation and compliance for disabled accessible guestrooms.

7       7. Venue is proper in this court pursuant to

8 28 U.S.C. 1391(b) and is founded on the fact that the real

9 property which is the subject of this action is located in this

10 district and that Plaintiff's causes of action arose in this

11 district.

12       8. **Intradistrict Jurisdiction.** Under Local Rules,

13 this case should be assigned to the Intradistrict for

14 Oakland/San Francisco as the real property that is the subject

15 of this action is located in such intradistrict, and Plaintiff's

16 causes of action arose there (a property located in Sonoma

17 County).

18

19 **PARTIES**

20       9. Plaintiff qualifies as "a person with a

21 disability," because of his required use of a wheelchair or

22 scooter, and because of his short-term semi-ambulatory

23 abilities. Plaintiff is informed and believes that each of the

24 Defendants herein, including Does 1-50, is the owner,

25 constructive owner, beneficial owner, successor-owner or

26 successor-in-interest, association, purchaser, trust, trustee,

27 agent, ostensible agent, alter ego, master, servant, employer,

28 employee, representative, franchiser, franchisee, joint

1  venturer, partner, associate, parent company, subsidiary,

2  department, representative, or such similar capacity (hereafter

3  collectively referred to as "such capacities"), of each of the

4  other Defendants, and was at all times acting and performing, or

5  failing to act or perform, within the course and scope of his,

6  her, their or its authority under such capacities, and with the

7  authorization, consent, permission or ratification of each of

8  the other Defendants, and is responsible in some manner for the

9  acts and omissions of the other Defendants in proximately

10  causing the violations and damages complained of herein, and

11  have approved or ratified each of the acts or omissions of each

12  other defendant, as herein described. Plaintiff will seek leave

13  to amend when the true names, capacities, connections, and

14  responsibilities of each defendant and Does 1-50, are

15  ascertained.

16      10.  Plaintiff alleges on information and belief that

17  at all relevant times, Defendants either were and/or now are the

18  owners, operators, lessors and/or lessees of the public

19  accommodation, also know as the Doubletree Hotel Sonoma Wine

20  Country, located at or near One Doubletree Drive, Rohnert Park,

21  California.

22      11.  The facilities of this business, including its

23  parking, entrances, grounds, pools, restaurants, bars,

24  guestrooms, and other public facilities and amenities (as listed

25  in paragraph 4) are each a "public accommodation or facility"

26  subject to the requirements of California Health & Safety Code

27  Sections 19955 et seq. and of the California Civil Code

28  Sections 54, 54.1, and 54.3.  At all times relevant to this

Complaint for Injunctive Relief and Damages

1  complaint, Defendants have held these facilities open to public
2  use.   Such facilities also constitute "public accommodations" or
3  "commercial facilities" subject to the requirements of Sections
4  302 and 303 of the Americans with Disabilities Act of 1990.

6  **FACTUAL STATEMENT**

7       12.  Defendants  are  required  by  law  to  provide
8  accessible  facilities  on  each  occasion  that  "alterations,
9  structural  repairs  or  additions"  were  performed  to  such
10 facilities  pursuant  to  legal  standards  then  in  effect,  per
11 Section 19959 of the Health & Safety Code, and under Section 303
12 of the Americans With Disabilities Act (which governs "new
13 construction" and "alterations").

14      13.  On  information  and  belief,  each  such  facility
15 has,  since  July  1,  1970,  been  newly  constructed,  and/or
16 undergone "alterations, structural repairs, and additions," each
17 of which has subjected the Defendants and the subject hotel's
18 public  facilities  to  disabled  access  requirements  of
19 Section 19959 Health & Safety Code, Title 24 of the California
20 Code  of  Regulations,  and/or,  for  such  work  occurring  since
21 January 26, 1992, to the requirements of Section 303 of the
22 Americans With Disabilities Act.

23      14.  Plaintiff alleges he has been denied access, or
24 have suffered deterrence, by barriers at the subject hotel (as
25 further described below), which include, but are not limited to:

26           a)   Generally,  the  hotel  fails  to  provide
27 signage specifying the location of its accessible routes and
28 accessible  amenities,  which  is  required  by  code.   Thus  the

**Complaint for Injunctive Relief and Damages**

1  hotel fails to notify wheelchair users such as Plaintiff of

2  the accessible route, which causes delay and searching, and

3  other diminishes Plaintiff's physical and mechanical

4  endurance.

5      b)   There is no accessible route from the

6  various boundaries of the site the building's various main

7  entrances.   This makes it difficult to impossible for

8  Plaintiff to safely enter and exit the site.

9      c)   The hotel has too few designated disabled

10  accessible and designated disabled van accessible parking

11  spaces in each of its distinct parking lots serving the

12  various sides of the building and their amenities.   This

13  restricts the parking opportunities and availability of

14  accessing these entrances.

15      d)   The hotel lacks a demarcated and compliant

16  disabled accessible passenger unloading zone at its Porte

17  Cochere, which is a safety feature necessary to protect

18  individuals who use wheelchairs and other mobility assistive

19  devices.

20      e)   There is a raised patio in front of the

21  hotel formed of large flagstones, and which is apparently

22  provided as a photo opportunity for guests.   This facility

23  lacks an accessible route from the main entrance, lacks a curb

24  ramp where the normal path of travel crosses the curb line,

25  and has a non-compliant and irregular surfaces with sudden

26  vertical changes in rise and hazardous gaps between the

27  stones.   Thus, this area cannot be accessed at all by

28  Plaintiff.

1        f)    On  information  and  belief,  the  various

2   designated,    disabled-accessible    self-parking    facilities

3   (including  designated  van  accessible  spaces)  that  the  hotel

4   provides  have  non-compliant  slopes,  cross-slopes,  improper  and

5   non-compliant  unloading  zones,  a  designated  route  that

6   proceeds  behind  parked  vehicles  other  than  the  user's  own,

7   and/or  are  otherwise  improperly  configured  and  signed.   Each

8   of  these  barriers  diminish  Plaintiff's  ability  to  park  and

9   safely  load  and  unload.

10       g)    The  lobby's  registration  desk  fails  to

11  provide  a  lower  registration  area  along  its  main  length,

12  providing  only  a  hidden,  unsigned  and  segregated  lowered

13  counter  in  a  back  and  obstructed  area,  and  without  knee  space,

14  discriminating  against  wheelchair  users  in  this  manner.

15       h)    The  various  couch  groups  in  the  lobby,

16  restaurant,  bar,  salon  lobby,  etc.,  which  are  provided  for

17  intimate  and  business  gatherings,  each  fail  to  provide  an

18  accessible  route  and  the  required  clear  floor  space.   This

19  diminishes  Plaintiff's  ability  to  effectively  use  and

20  participate  in  these  areas.

21       i)    The  hotel  has  various  stairways,  none  of

22  which  have  the  proper  contrasting  stripes  at  the  nosings  of

23  the  stairs,  none  of  which  are  served  by  compliant  handrails

24  with  the  appropriate  grippable  cross-section,  or  the  proper

25  extension  at  the  bottom  of  the  stairs,  and,  one  of  which,  has

26  open  risers,  which  are  tripping  hazard.

27       j)    The  are  various  fire  places  in  the  lobby

28  and  in  the  Bacchus  Restaurant  that  are  not  served  by  an

1  accessible route, nor by a compliant clear ground floor space.
2  This makes it difficult to impossible for Plaintiff to
3  approach and use this facility.

4     k) The bar on the raised platform in the
5  Lobby has a lowered counter whose usable and unobstructed
6  length is less than the 36 inches minimum required by code,
7  and which does not provide an unobstructed view of the
8  television, meaning this facility is not readily accessible
9  to, and usable by wheelchair users as provided by code, and
10  that it does not provide full and equal access.

11     l) There are no compliant lowered tables in
12  the bar area, meaning Plaintiff has been excluded from these
13  facilities.

14     m) The bar is served by an exterior patio
15  that has doors whose push pressure to operate is in excess of
16  5 lbs., and containing tables that do not provide the required
17  knee space underneath the table.

18     n) The ramp located at the south end of the
19  lobby, which is between the check in desk and the elevators to
20  the rooms, has slopes in excess of 8.33%, has handrails that
21  do not extend properly below the ramp run, and which have a
22  cross-section that does not provide the grippable surface
23  required by code.  On information and belief, the ramp has a
24  non-compliant pad underneath its carpeted surface.  The
25  cumulative effect of these barriers is that the ramp is
26  difficult for Plaintiff to use, and diminishes his physical
27  and mechanical endurance.

28     o) The carpeting center in the business area

Complaint for Injunctive Relief and Damages

1  has a padding underneath that does not provide the firm

2  surface required by code, primarily because it is not firmly

3  attached in areas.  This condition can reduce Plaintiff's

4  physical and mechanical endurance.

5          p) The men's public restrooms in the

6  registration lobby and in the salon lobby share multiple

7  common barriers, including, but not limited to:

8          i. The signage on the door does not

9  provide compliant ADA and Title 24 signage, thus failing to

10 provide assurance to Plaintiff and other users of mobility

11 devices that all code requirements have been met.

12         ii. The push pressure required to open

13 the doors 5 lbs. maximum permitted, making it difficult for a

14 wheelchair user to operate.

15         iii. There are three sinks in the main

16 restroom, all of which are pedestal type sinks, which do not

17 provide the required knee space underneath the fixture, with

18 the soap dispenser and paper towels set on a ledge behind the

19 sink, which exceeds the 40 inch maximum height, and the

20 distance from the face of the sinks and soap dispenser and

21 papers towels exceeds the 35 inch maximum permitted by code.

22 Each of these barriers limit and/or prevent access to these

23 facilities by wheelchair users.

24         iv. The height above the finished floor

25 of the bottom reflective edge of the mirrors over the sinks

26 exceed the 40 inch maximum height permitted by code.  This

27 makes it difficult to impossible for the wheelchair user to

28 use this facility for grooming next to the sink.

Complaint for Injunctive Relief and Damages                — 11 —

1          v.   The urinals are in an alcove that has

2    a width that is below the minimum required by code, making it

3    difficult for the wheelchair user to access this feature.

4          vi.   The   door   swing   of   the   accessible

5    stall swings over the required landing in front of the urinal,

6    which is a violation for both the urinal and accessible stall,

7    thus making it difficult for the wheelchair user to access

8    these facilities when either landing is obstructed by a user

9    or an open door swing.

10         vii. The   urinal   has   a   height   that   is

11   higher than the 17 inch maximum permitted by code, impairing

12   its user by wheelchair users.

13         viii.     The   urinals   are   not   set   15

14   inches on center, exactly, as required, making it difficult to

15   center on this fixture by wheelchair users.

16         ix.   The door landings for the accessible

17   stalls have a strike edge clearance that is below the 18

18   inches   required,   making   it   difficult   to   impossible   for

19   wheelchair users to operate.

20         x.   The in-stall sink does not provide

21   the required clear floor space underneath the fixture, and has

22   a p-trap that protrudes more than 6 inches from the face of

23   the wall.   Theses conditions inhibit wheelchair access under

24   the sink.

25         xi.   The toilet is not set 18 inches on

26   center, exactly, as is required by the code to create a

27   predictable and regular environment for the disabled while

28   they are at their most vulnerable; this condition thereby

1   diminishes wheelchair users leverage and ability to transfer.

2   xii. The side grab bar has a knuckle space
3   that is reduced below the 1 ½ inch exactly dimension that is
4   required by code because the recessed sanitary seat cover
5   dispenser protrudes beyond the face of the wall. This
6   condition limits graspability and leverage points for using
7   the grab bar safely.

8   xiii. The sanitary seat cover
9   dispenser is not mounted adjacent to the 30 X 48 inch
10  rectangular clear floor space, making it difficult to
11  impossible for wheelchair users to reach.

12  xiv. On information and belief, the side
13  grab bar does not project a minimum of 24 inches beyond the
14  face of the toilet. This limits the usable length of the grab
15  bar.

16  xv. The bottom edge of the reflective
17  surface of the mirror above the sink in the designated stall
18  is mounted at a height that exceeds the 40 inch maximum
19  permitted by the code, making it difficult to impossible to
20  use the mirror from a seated position.

21  q) The breakfast buffet in the Bacchus
22  Restaurant has a height that exceeds the 34 inch maximum
23  height for a reach across an obstruction. These conditions
24  make it difficult to impossible for wheelchair users to reach
25  and use the items on the breakfast bar.

26  r) The highest merchandise on the breakfast
27  buffet table is set at a height higher than the 54 inch
28  maximum height permitted by code, limiting use as stated in

Complaint for Injunctive Relief and Damages                    — 13 —

1  the previous item.

2  s) The bar in the Bacchus Restaurant is set
3  at a height of approximately 42 inches above the finished
4  floor, and this bar does not provide the lower section that is
5  required by code, making it impossible for seated wheelchair
6  use.

7  t) The serving bar along the face of the open
8  kitchen is set a height of approximately 42 inches above the
9  finished floor, which exceeds the 34 inch maximum height for a
10 reach across an obstruction. This reduces the ability of the
11 wheelchair user to reach items for self-service off of the
12 counter.

13 u) The tables in the main dining area do not
14 provide the required knee space underneath the table, making
15 it difficult to impossible to use the tables surface.

16 v) The tables serving the bar area do not
17 provide the knee space required under the table, making it
18 difficult to impossible for wheelchair users to use the
19 table's surface.

20 w) The tables in the dining room with the
21 large fire place do not provide the required knee space
22 underneath the tables and the path of travel to the fire place
23 itself is below the minimum 36 inch width required by code.
24 The latter barrier makes the path to the fireplace difficult
25 to impassible by wheelchair users.

26 x) The exterior dining patio for the Bacchus
27 Restaurant is reached through an exterior door that requires a
28 push pressure exceeding the 5 lbs. maximum permitted by code,

**Complaint for Injunctive Relief and Damages**                    — 14 —

1    making it difficult for wheelchair users to operate.

2          y)    The door landing on the exterior side of
3    the aforementioned door is not level as required by code,
4    making it difficult for Plaintiff and other wheelchair users
5    to open and go through this entrance.

6          z)    The path of travel into the patio is along
7    a narrow walkway that is less than the 48 inch minimum width
8    permitted by code. This path of travel goes through a hedge
9    positioned on either side of the walkway that is greater than
10    24 inches in length and less than 32 inches in width. The
11    surface of the patio itself is flagstones, which have vertical
12    rises and gaps that exceed the maximums permitted by code.
13    These barriers limit wheelchair access onto and across the
14    patio.

15          aa)    The junction between the beginning of the
16    flagstone walkway and the concrete along the walkway from the
17    restaurant has a vertical rise that exceeds the maximum
18    permitted by code, inhibiting wheelchair access to this area.
19    This barrier inhibits wheelchair access across the vertical
20    rise, and limits physical and mechanical endurance.

21          bb)    The tables on the patio do not provide the
22    knee space under the table required by code, making it
23    difficult to impossible for wheelchair users to easily and
24    properly use the table's surface.

25          cc)    The path of travel between the restaurant
26    and the conference room/salons has a unprotected stairway that
27    overhangs the circulation space, and the height of the bottom
28    edge of the stairway is set below the 80 inch maximum height

1   permitted by code along a pedestrian circulation space.   (This

2   subparagraph is not related to Plaintiff's disabilities, and

3   is advisory.)

4           dd)  The salons have numerous audio visual

5   controls within them that are enclosed in a box with an

6   openable door.   These audio visual control boxes do not have a

7   lock, and highest operable mechanism is set above the 54 inch

8   maximum height permitted by code.   This barrier makes it

9   difficult to impossible for wheelchair users to reach and use

10  the amenity.

11          ee)  The typical salon door has a push pressure

12  that exceeds the 5 lbs. maximum permitted by code, making it

13  difficult for wheelchair users to operate.

14          ff)  The carpeting within the salons themselves

15  and in the corridor underneath has pads underneath, which does

16  not provide a firm surface as required by code, making it

17  difficult for wheelchair users to cross, and limiting their

18  physical and mechanical endurance.

19          gg)  The salon near the business center and at

20  the south side of the building has a slope on its interior

21  landing that is not level as require by code, making it

22  difficult for wheelchair user to open and go through the door.

23          hh)  There is a ramp on the interior of the

24  aforementioned salon that has improper handrails that do not

25  meet the graspability requirements of the code, and which do

26  not extend sufficiently beyond the top and bottom ramp

27  segment, and the ramp's slope will require a formal inspection

28  to verify whether it complies.   These barriers limit and

1    hinder wheelchair access.

2                ii)   The exterior door of the salon does not

3    have a level landing on the exterior side, and has a push

4    pressure that exceeds the 5 lbs. maximum permitted by code,

5    which both makes it difficult for a wheelchair user to open

6    and go through the door.

7                jj)   All of the stairs between the second floor

8    and the lobby do not have contrasting stripe on the leading

9    edge of the top and bottom riser in each stair run, making it

10   difficult for Plaintiff to achieve the earliest possible

11   warning when encountering a sudden drop off or change in rise.

12               kk)   The handrails on the aforementioned

13   stairways do not meet the graspability requirements specified

14   by code for handrails on a stairway, making it difficult for

15   semi-ambulatory use.

16               ll)   The house-phone by the elevator and the

17   ATM machine at the Southeast corner of the lobby is set above

18   the 54 inch maximum height permitted by the code and lacks a

19   clear floor space required by the code, making it difficult

20   for the wheelchair user to get to and reach this device.

21               mm)   The ATM machine at the southeast corner of

22   the lobby and across from the elevator has a highest operable

23   mechanism that exceeds the 54 inch maximum permitted by code,

24   making this device difficult to impossible for the wheelchair

25   user to utilize.

26               nn)   The typical ice machine room has a path of

27   travel along the face of the machines that is far below the 36

28   inch minimum width specified by code, and in one of the ice

Complaint for Injunctive Relief and Damages                    — 17 —

1   machine rooms on the second floor does have a compliant path

2   along the face of the machines, does not have required turn-

3   around space, which would allow the wheelchair user to turn

4   around and get out of the room.  Also, within the first floor

5   ice machine room at northwest corner of the building, there is

6   a washing machine and dryer.  All of these deficiencies reduce

7   the wheelchair users ability to get to, and utilize, these

8   machines.

9          oo)  There is soap dispenser in the landing of

10  the   first   floor   ice   machine/washing   machine   room   that

11  obstructs   the   use   of   this   landing,   and   thus   reduces   the

12  accessible   route   into   the   room.   The height of the operable

13  mechanism for the washer dryer combination exceeds the 54 inch

14  maximum height permitted by code.   There is no clear floor

15  ground space next to the soap dispenser.   All of these

16  deficiencies means these facilities are not accessible to, nor

17  usable by, persons using wheelchairs, who cannot reach or

18  access the necessary clearances to use the machines.

19         pp)  There is an exit door from the raised bar

20  area in the lobby that goes along the north side of the

21  swimming pool area.   The upper lobby door requires a push

22  pressure the exceeds the 5 lbs. maximum permitted by code, and

23  which has a landing on the exterior side that is not level as

24  required.   These barriers make it difficult for a wheelchair

25  user to utilize.

26         qq)  The length of the landing at the top of

27  the ramp does not meet the length requirements specified by

28  the code for a door landing at the top of a ramp segment,

1   making it difficult for the wheelchair user to go up the ramp
2   and get to the door safely.

3      rr)   The aforementioned ramp has slopes and
4   excessive warping within it that exceed the 8.33% maximum
5   permitted by code, making it difficult for a wheelchair user
6   to use the ramp, and thereby limits his physical and
7   mechanical endurance.

8      ss)   The handrails on this ramp do not provide
9   the graspable surface that is required by the code, and do not
10  extend beyond the top and bottom of the ramp run as required,
11  making it difficult for a wheelchair user to use the handrails
12  to go up or down the ramp.

13     tt)   On information and belief, the length of
14  the ramp run exceeds the 30 inch maximum permitted by code,
15  which denies the required landing every 30 feet for resting,
16  and limits the disabled users physical and mechanical
17  endurance.  At the top intermediate landing along this path of
18  travel, there is a landing that has a gate going into the pool
19  area that is served by stairs with no handrails, nor the
20  contrasting stripe on the nosing of each tread, limiting semi-
21  ambulatory use as previously described.  The gate swings out
22  over the landing required at the top of the stairway, in
23  violation of code.  This normal path of travel is not served
24  by a ramp, or wheelchair lift, as required by code, which
25  means a wheelchair user is forced to gain entry into the pool
26  area via a route that is multiple times longer than required
27  of other patrons of the hotel.

28     uu)   The bottom landing for the top ramp run is

**Complaint for Injunctive Relief and Damages**       — 19 —

pie shaped, which provides zero landing on the south side of the ramp increasing to a compliant landing on the opposite ramp. However, for at least 70% of the ramp is not the 72 inch minimum length required by the code at a change in direction. This barrier requires the user to change directions in the middle of the ramp run without a level landing, and reducing

vv) The second ramp run has non-compliant cross-slopes within it, non-compliant handrails (similar to the first, supra), and a non-compliant bottom landing (also similar to the first), inhibiting access as previously described.

ww) There is a second accessible entrance between the bottom of the two ramp runs serving the pool. This entrance to the pool is served by stairs that have no contrasting stripe, have handrails that do not have the graspability dimension required by the code, and the level change is not served by a ramp or wheelchair lift as required by the code. These conditions mean the stairs a more difficult to traverse for the semi-ambulatory, and more hazardous because the contrasting stripes are missing. Also, the lack of a vertical means of access means the disabled user cannot use this entrance, and the length of the path of travel for the disabled user to reach the end point of this destination is effectively doubled.

xx) There are two ramp segments on the west side of the pool. The lower/shorter ramp segment has cross-slopes the 2% maximum permitted by code, and has handrails

1  that do not provide the graspable surface required by code.

2  These conditions limit access by wheelchair users as

3  previously described.

4          yy) There is a gate on the intermediate

5  landing that does not have a 10-inch high smooth and

6  interrupted surface along the bottom edge of the gate that is

7  required by the code.  This deficiency makes opening the gate

8  significantly harder for a wheelchair user.

9          zz)  On information and belief, the pool itself

10  has no compliant Title 24 lift, nor does the Jacuzzi.

11          aaa) The path of travel to the emergency

12  shutoff for the Jacuzzi, and the operation timer is obstructed

13  by furniture, which is not maintained to keep this floor space

14  free and clear.  The timer is a heavy spring-loaded control

15  that requires grasping, pinching and twisting of the wrist to

16  operate, which is in violation of code.  These barriers

17  diminish Plaintiff's ability to access and use the controls.

18          bbb) The path around the pool has significant

19  cross-slopes in many areas, particularly around the drains,

20  which makes traversing this area significantly more difficult

21  for a wheelchair user, and additionally limiting their

22  physical and mechanical endurance.

23          ccc) At the northeast corner of the pool there

24  is a long flight of stairs to the lobby and bar patio area

25  that do not have handrails on either side, or contrasting

26  stripes, which makes this traversing these stairs hazardous

27  for semi-ambulatory individuals.  There additionally is no

28  accessible route serving this normal path of travel, which

**Complaint for Injunctive Relief and Damages**

1   means a wheelchair user must go around the entire perimeter of

2   the pool area to gain access to the lobby and bar from this

3   access point.

4           ddd) In the southeast corner of the pool area,

5   there is a narrow walkway that is approximately 40 inches

6   wide, and has a slope that exceeds the 5% maximum slope

7   permitted by code, unless is treated as a fully compliant ramp

8   (which this path lacks elements for a ramp).  This steep

9   walkway has a length of approximately 75 feet, does not

10  provide handrails or any other element of a compliant ramp,

11  and the slope of the walkway goes through the pool gate in

12  this location, all of which create a hazardous condition for

13  individuals who use wheelchairs, and make this path of travel

14  virtually inaccessible to them.

15          eee) In the grassy area on the east side of

16  this pool courtyard, near the southeast corner of the pool

17  courtyard, there is a trellised patio with a flagstone

18  surface, which is located across the grass, and is thus not

19  served by an accessible route that is stable, firm and slip

20  resistant, meaning it cannot be reached at all by persons with

21  disabilities using wheelchairs or other mobility assistive

22  devices.  In addition, there is a vertical rise at the edge of

23  the concrete pad of approximately 4 inches creating a drop off

24  condition, which is hazardous to wheelchair users.

25          fff) The guestrooms along the south side of the

26  pool courtyard are served by a square stepping stone pathway

27  between the patio of the rooms and the sidewalk to the pool.

28  These approximately 24 inch stepping stones have grass between

**Complaint for Injunctive Relief and Damages**

1  them, and do not provide the accessible route along this

2  normal paths of travel required by the code. Because the

3  width of this path of travel is below the 36 inch minimum

4  required by code, the concrete surface is interrupted by grass

5  surface, which is not stable, firm and slip resistant, and

6  there is vertical rises between the grass surface and the

7  concrete surface of the stepping stones (at the gaps); none of

8  these paths of travel are usable by an individual who uses a

9  wheelchair or other mobility assistive device.

10        ggg) The entry at the southeast corner of the

11  pool courtyard has slopes exterior on the exterior side that

12  exceed the 2% maximum permitted by the code, have push

13  pressures on the door that exceed the 5 lbs. maximum permitted

14  by the code, has a landing on the exterior side of the door

15  that does not extend 24 inches beyond the strike edge of the

16  door, and does not extend 60 inches from the face of the

17  closed door. These conditions make this entrance not readily

18  accessible individuals who uses a wheelchair or other mobility

19  assistive devices; it is significantly harder to use.

20        hhh) The exterior door to the fitness room has

21  a landing on the exterior side that is not level as required

22  by the code. The push pressure required to open the fitness

23  entrance exceeds the 5 lbs. maximum permitted by code. The

24  interior landing for the fitness entrance is below the 18 inch

25  minimum for the strike side required by code. Each of these

26  deficiencies makes it more difficult for wheelchair users to

27  open and pass through this door.

28        iii) On the interior of the exercise room there

1    is a timer for the lights that requires grasping, pinching and

2    twisting of the wrist, and is not located adjacent to the 30 X

3    48 inch clear ground floor space required by the code.   This

4    means this device may not be approached or used by persons

5    with Plaintiff's disabilities.

6              jjj) Adjacent to the light switch is an

7    emergency phone that is set higher than the maximum height

8    permitted by the code, and is not adjacent to the 30 X 48 inch

9    clear ground floor space required by the code, because this

10   telephone and light switch are located on the wall behind a

11   trash can and an exercise ball with a fixed base.

12   Consequently, wheelchair users cannot approach these devices,

13   and the phone is mounted too high to be used by and individual

14   in a wheelchair.

15             kkk) The only usable exercise equipment in this

16   room are the weights in the southeast corner of the room, and

17   that location has a path of travel to it that is obstructed by

18   the other equipment in the room leaving an accessible route

19   that is approximately 20 inches wide, which is below the 36

20   inch minimum width required by the code.   This means persons

21   with Plaintiff's disabilities cannot readily access the

22   equipment.

23             lll) The men's locker room does not have the

24   Title 24 nor the ADA signage required on the exterior side of

25   the door.   This means the disabled user is not given the

26   standard notification that this space is accessible to, and

27   usable by, individuals with disabilities.

28             mmm) The lock on the entry door requires

1  grasping, pinching and twisting of the wrist, which

2  dramatically increases the difficulty of locking and unlocking

3  the door for individuals who have a physical limitation

4  related to these actions, such as Plaintiff.

5              nnn) The sink is a pedestal type sink, which

6  does not provide any of the kneespace that is required by the

7  code, which means that a front approach to this sink is not

8  possible, and an individual using a wheelchair is not able to

9  use both hands simultaneously in the sink.

10             ooo) The height of the bottom edge of the

11  reflective surface of the mirror is set above the 40 inch

12  maximum height permitted by the code, meaning this amenity is

13  not usable by a person in a seated position while grooming.

14             ppp) The toilet in the men's locker room is not

15  mounted exactly 18 inches on center from the adjacent wall as

16  required by the code, and has a seat height that is below the

17  17 inch minimum height that is required by the code, which

18  makes the fixture more difficult and less safe from persons

19  who must transfer from a wheelchair.

20             qqq) The entrance on the northwest corner of

21  the building has a push pressure that exceeds the 5 lbs.

22  maximum permitted by the code, a landing on the exterior side

23  that exceeds the 2% maximum slope permitted by the code, has a

24  landing that does not extend 60 inches measured perpendicular

25  to the face of the closed door, and has a card key opening

26  mechanism that has a clear floor space overlaps the door swing

27  of the door. Each of these deficiencies makes the opening and

28  getting through the door more difficult for a disabled

**Complaint for Injunctive Relief and Damages**

1   individual who uses a wheelchair or other mobility-assistive
2   device, increases the hazard that individual will be struck by
3   the door being opened while their attempting to unlock it, and
4   requires the wheelchair user to unlock the door, move the
5   wheelchair and attempt to open the door before the time
6   permitted expires; which all otherwise limits the ability of
7   the user to use the key lock and door, and dramatically
8   increases the level of agility required to get through this
9   entrance.

10          rrr) The walkway at the northwest corner of the
11   building has a slope that exceeds 5% and is considered a ramp
12   by the code.  However, this walkway has no elements of a fully
13   compliant ramp because it has a length of approximately 75
14   feet without a level landing, has a 90 degree change in
15   direction without a level landing, has cross-slopes in excess
16   of 2%, has no intermediate landings at all, and does not have
17   a bottom landing that is level as required by the code.  All
18   of these deficiencies make traversing this length of sidewalk
19   more difficult if not hazardous for people who use wheelchairs
20   or other mobility assistive devices.

21          sss) The asphalt sidewalk along the west side
22   of the building has slopes within it that exceed 5%, and cross
23   slopes that exceed the 2% maximum, and no elements of a ramp
24   have been provided.  These deficiencies make this traversing
25   this walkway physically demanding or hazardous than permitted
26   by the code.

27          ttt) There is no accessible route connecting
28   the northeast entrance to the sports and tennis courts.  This

**Complaint for Injunctive Relief and Damages**                              — 26 —

1    path of travel is interrupted by a curb without a curb-ramp

2    being provided.   Consequently, this route is impassable by

3    wheelchair users.

4              uuu) The  tennis  and  sports  courts  lack  a

5    compliant accessible route from the hotel, i.e., that is free

6    of sudden changes in level, and that does not require the user

7    to proceed behind parked vehicles.   The present conditions

8    require Plaintiff to pick an unregulated path through the

9    center of the parking lot and over a bumpy asphalt surface.

10   These conditions expose Plaintiff to hazard and limit physical

11   and mechanical endurance.

12             vvv) The tennis and sports courts each lack an

13   accessible  entrance.    Currently,  the  two  courts  lack

14   accessible strike side clearance on the pull side and level

15   landings, he gates do not open to the full 90 degree position

16   required by code, and the amount of push pressure required to

17   operate these gates exceeds the 5 lbs. maximum permitted by

18   code.   These conditions make it difficult to impossible the

19   disabled to open and go through these gated entrances.

20             www) The   designated   disabled   accessible

21   guestrooms  are  inaccessible  to  persons  with  Plaintiff's

22   disabilities.   The barriers encountered by Plaintiff include,

23   but are no limited to:

24             1)    The entry lacks the required strike

25   edge clearance and landing, making it difficult for Plaintiff

26   to open and go through the door.

27             2)    The lock requires grasping, pinching

28   and twisting of the wrist to operate.

1          3)    The   rooms   lamps   require   grasping,

2    pinching and twisting of the wrist to operate in violation of

3    the code, inhibiting Plaintiff's ability to use the device.

4          4)    The guestroom's bathroom lacks the 60

5    inch turning diameter required by code, making it difficult to

6    impossible to turn, move among the amenities, and/or leave the

7    room.

8          5)    The roll-in shower is too small, has

9    the wrong grab bar configuration, and its controls are located

10   on the wrong side and too far from the bench, making it

11   difficult to impossible for Plaintiff to safely enter and use

12   the facility.

13         6)    The   bathroom's   entry   door   lacks

14   strike edge clearance and the required door landing on the

15   pull side, making it difficult to impossible for Plaintiff to

16   readily exit the bathroom.

17         7)    The   toilet   lacks   the   required

18   transfer space at the front and side, it's flush valve is on

19   the narrow side instead of the wide-side position required by

20   code, and the toilet seat is set too high, making it difficult

21   to impossible for Plaintiff to use this facility.

22         8)    The sink is set too low and does not

23   provide the required knee space, which exposes Plaintiff to

24   hazard, and makes it difficult to access the sink with both

25   hand simultaneously.

26         9)    The typical furniture placement on

27   the patio obstructs the door swing, and the size of the

28   landing   and   clear   floor   space,   making   it   difficult   or

1   impossible for Plaintiff to enter and use the patio.

2          xxx) The hotel fails to sufficient disabled
3   accessible rooms and that are spread across the full range of
4   amenities, including the suites.  The hotel additionally fails
5   to segregate provision of this obligation from other
6   accessibility room obligations, as required by code, causing
7   greater competition for the already limited room choices.  As
8   a result, the disabled wheelchair and semi-ambulatory users
9   are not provided the full inventory and accommodation class
10  categories to which they are entitled by code, and their
11  opportunities are thus limited.

12         yyy) On information and belief, all standard
13  non-designated rooms and suites at the hotel lack the minimum
14  required access required by the Codes at the entrances and
15  doors, and for the path of travel to reach all spaces and
16  elements within the room.  This makes it difficult to
17  impossible for the wheelchair user to enter and use these
18  guestrooms to the minimum level required by code.

19     15. Each of the foregoing barriers in the previous
20  paragraph inhibit and thereby discriminate against Plaintiff's
21  specific physical conditions, including, but not limited to,
22  those described in paragraph 2.  Each of these facilities, and
23  others not listed, have not been fully inspected by Plaintiff's
24  legal representatives, including those in paragraph 14, and will
25  require the opportunity of a formal inspection, and the right to
26  take photographs and measurements in order to confirm.

27     16. As a result of the actions and failure to act of
28  Defendants, and each of them, and as a result of the failure to

1   provide appropriate disabled accessible guestrooms and hotel

2   amenities, Plaintiff suffered and will suffer a loss of his

3   civil rights to full and equal access to public facilities,

4   suffered strain and exhaustion from attempting to negotiate

5   barriers as well as pain and discomfort, and will suffer

6   emotional distress, mental distress, mental suffering, mental

7   anguish, which includes that shame, humiliation, embarrassment,

8   anger, chagrin, disappointment and worry, normally and naturally

9   expected and associated with a person with a physical disability

10  being denied access to a public accommodation, all to his

11  damages as prayed hereinafter in an amount within the

12  jurisdiction of this court.

13      17. Plaintiff regularly visit the area and have been

14  denied access at the hotel, or has been deterred from utilizing

15  its facilities. Plaintiff would like to return and use the

16  Doubletree Hotel Sonoma Wine Country on a planned or spontaneous

17  basis, but is unable to enjoy the safe full and equal access to

18  which he is entitled.  The barriers to disabled access that

19  deter his return are permanent physical barriers. For instance,

20  the total absence of an accessible guestroom on the property and

21  with full amenities available elsewhere in the hotel.

22      18. On information and belief, a number of facilities in

23  the subject building have been remodeled during the statutory

24  period since July 1, 1970, triggering accessible "path of

25  travel" requirements to each area of alteration, which includes,

26  but is not limited to, accessible public sanitary facilities and

27  a path of travel, complying with ADA and Title 24 standards.  On

28  information and belief, Defendants have not complied with these

1   legal obligations.

2       19.  The "removal" of each of these barriers to use by

3   disabled persons was "readily achievable" under the standards of

4   Section 301(9) of the Americans With Disabilities Act of 1990

5   [42 U.S.C. 12181] at all times herein relevant.  Section 303 of

6   the ADA [42 U.S.C. 12183] and California law also required the

7   removal of all such barriers upon performance of "alterations."

8       20.  On information and belief, Defendants continue to the

9   present date to deny "full and equal access" to plaintiff and to

10  all other disabled persons, in violation of California law,

11  including Health & Safety Code Sections 19955 *et seq.*, Civil

12  Code Sections 54 and 54.1, and Title 24 of the California Code

13  of Regulations (a.k.a. California Building Code).  Further, such

14  denial of access to disabled persons also violates the

15  requirements of Title III of the federal Americans With

16  Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,

17  §§ 12181 et seq.] (Hereinafter also called the "ADA").

18

19                  **FIRST CAUSE OF ACTION:**

20  **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

21      21.  Plaintiff repleads and incorporates by reference, as

22  if fully set forth again herein, the allegations contained in

23  paragraphs 1 through 19, above.

24      22.  Plaintiff is physically disabled under standards as

25  defined by all California statutes using these terms.  Plaintiff

26  is also each an "individual with a disability" as defined by

27  Section 54(b) Civil Code, as well as Section 3(2) of the ADA.

28  Each violation of the ADA, as plead hereinafter, is incorporated

1   by reference as a separate violation of Sections 54(c) and
2   54.1(d) California Civil Code.

3       23. Health & Safety Code Section 19955 provides in
4   pertinent part:

5           (a) The purpose of this part is to insure that
6           public accommodations or facilities constructed in
7           this state with private funds adhere to the
8           provisions of Chapter 7 (commencing with § 4450) of
9           Division 5 of Title 1 of the Government Code. For
10          the purposes of this part "public accommodation or
11          facilities" means a building, structure, facility,
12          complex, or improved area which is used by the
13          general public and shall include auditoriums,
14          hospitals, theaters, restaurants, hotels, motels,
15          stadiums, and conventions centers.

16      24. Health and Safety Code Section 19956, which appears in
17   the same chapter as 19955, provides, in pertinent part: "[a]ll
18   public accommodations constructed in this state shall conform to
19   the provisions of Chapter 7 (commencing with § 4450) of Division
20   5 of Title 1 of the Government Code...."

21      25. Section 19956 Health & Safety Code was operative July
22   1, 1970, and is applicable to all public accommodations
23   constructed or altered after that date. On information and
24   belief, portions of the subject Doubletree Hotel Sonoma Wine
25   Country were constructed and/or altered after July 1, 1970, and
26   portions of the subject building were structurally remodeled,
27   altered and have undergone structural repairs or additions after
28   July 1, 1970. Such construction required such building and its

1    public    accommodation    facilities    to    be    subject    to    the
2    requirements of Part 5.5, Sections 19955, et seq., of the Health
3    and   Safety   Code,   which   requires   provision   of   access   upon
4    "alterations, structural repairs or additions" per Section 19959
5    Health & Safety Code, or upon a change of occupancy (a form of
6    "alteration").

7        26.   Pursuant to the authority delegated by Government Code
8    Section   4450,   et   seq.,   the   State   Architect   promulgated
9    regulations for the enforcement of these provisions.   Effective
10   January 1, 1982, Title 24 of the California Administrative Code
11   adopted the California State Architect's Regulations and these
12   regulations must be complied with as to any modifications of the
13   subject building and its facilities occurring after that date.
14   Any alterations of the building after January 1, 1982 required
15   compliance   with   the   Title 24   regulations   then   in   effect,
16   including that an accessible path of travel leading to such
17   facility from the adjoining public right of way.   Prior to 1982,
18   similar  requirements  were  incorporated  into  the  law  from  the
19   American Standards Association.   On information and belief, one
20   or   more   of   the   constructions   of   and   alterations   upon   and
21   modifications  of  the  subject  facilities  occurred  during  the
22   period of time that sections of the Health and Safety Code have
23   provided that all buildings and facilities used by the public
24   must   conform   to   each   of   the   standards   and   specifications
25   described in the American Standards Association Specifications,
26   or, as to construction occurring after January 1, 1982, to the
27   standards of Title 24, the State Architect's Regulations.
28       27.   Plaintiff   is   informed   and   believes   and   therefore

1    alleges that Defendants, and their predecessors in interest as

2    owners, operators and/or lessors of the subject public

3    accommodation (for which the Defendants as current owners,

4    operators and/or lessors of the building are responsible), and

5    each of them caused the subject property to be constructed,

6    altered and maintained in such a manner that physically disabled

7    persons were denied full and equal access to, within and

8    throughout said facilities, and full and equal use of said

9    building.   Further, on information and belief, Defendants and

10   each of them have continued to maintain and operate such

11   building and its facilities in such condition up to the present

12   time, despite actual and constructive notice to such Defendants,

13   and each of them (which includes Plaintiff's discussions with

14   hotel personnel, such as Plaintiff. Such construction,

15   modification, ownership, operation, maintenance and practices of

16   such a public facility is in violation of law as stated in Part

17   5.5, Sections 19955ff Health and Safety Code, Sections 54 and

18   54.1, et seq., Civil Code, and elsewhere in the laws of

19   California.

20       28.  On information and belief, the subject building and

21   the Defendants and each of them have denied full and equal

22   access to disabled persons in other respects due to non-

23   compliance with requirements of Title 24·of the California Code

24   of Regulations, and of other provisions of disabled access legal

25   requirements.   Additionally, maintaining the barriers specified

26   in this complaint is independently a violation of both Title 24

27   of the California Building Code, and of Sections 54 and 54.1

28   Civil Code and their guarantee of "full and equal" access to all

Complaint for Injunctive Relief and Damages                    — 34 —

1  public facilities (as pled in the third cause of action, and

2  also repleads and incorporated herein by reference, as if fully

3  restated hereafter), in conjunction with Section 19955ff, per

4  James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

5    29. Injunctive Relief - The acts and omissions of

6  Defendants as complained of continue to have the effect of

7  allowing Defendants to wrongfully exclude Plaintiff, and other

8  similarly situated members of the public who are physically

9  disabled, from full and equal access to the subject Doubletree

10 Hotel Sonoma Wine Country. Such acts and omissions are the

11 continuing cause of humiliation and mental and emotional

12 suffering to Plaintiff and other similarly situated persons in

13 that these actions treat them as inferior and second class

14 citizens and serve to discriminate against them, so long as

15 Defendants do not provide a properly accessible, safe and equal

16 use of such facilities. Said acts have proximately caused and

17 will continue to cause irreparable injury to Plaintiff and other

18 similarly situated persons if not enjoined by this court.

19   30. Plaintiff seeks injunctive relief, pursuant to

20 Section 19953 Health and Safety Code and Section 55 Civil Code,

21 prohibiting those of the Defendants that currently own, operate,

22 and/or lease (from or to) the subject Doubletree Hotel Sonoma

23 Wine Country, from maintaining architectural barriers to the use

24 by disabled persons of public accommodations and facilities, in

25 violation of Part 5.5, Sections 19955ff Health and Safety Code.

26 Plaintiff seeks to require such Defendants to create safe and

27 properly accessible facilities.

28   31. Attorneys' Fees - As a result of Defendants' acts and

**Complaint for Injunctive Relief and Damages**

1  omissions in this regard, Plaintiff has been required to incur

2  legal expenses and hire attorneys in order to enforce

3  Plaintiff's rights and those of other similarly situated

4  persons, and to enforce provisions of the law protecting access

5  for the disabled, and prohibiting discrimination against the

6  disabled, and to take such action both in his own interest and

7  in order to enforce an important right affecting the public

8  interest. Plaintiff therefore seeks recovery of all reasonable

9  attorneys' fees, litigation expenses and costs incurred,

10  pursuant to the provisions of Section 1021.5 of the Code of

11  Civil Procedure. Plaintiff additionally seeks an award of

12  reasonable statutory attorneys' fees and costs pursuant to

13  Section 19953 Health and Safety Code.

14      WHEREFORE, Plaintiff prays for relief as hereinafter

15  stated.

16

17              **SECOND CAUSE OF ACTION:**

18           **VIOLATION OF DISABLED RIGHTS ACT,**

19          **CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**

20  **DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

21      32. Plaintiff repleads and incorporates, as if fully set

22  forth again herein, the allegations contained in paragraphs 1

23  through 31, above.

24      33. At all times relevant to this action, California Civil

25  Code Sections 54 and 54.1 have provided that physically disabled

26  persons are not to be discriminated against because of physical

27  handicap or disability. Section 54 Civil Code provides:

28          Individuals with disabilities shall have the same

**Complaint for Injunctive Relief and Damages**                —36—

1    right as the general public to the full and free use
2    of the streets, highways, sidewalks, walkways, public
3    buildings, public facilities, including hospitals,
4    clinics, and physicians' offices, public facilities,
5    and other public places.
6  Section 54.1 Civil Code provides that:
7         (a)(1)  Individuals with disabilities shall be
8    entitled to full and equal access, as other members of
9    the general public, to accommodations, advantages,
10   facilities, medical facilities...  and privileges of
11   all common carriers, airplanes, motor vehicles... or
12   any other public conveyances or modes of
13   transportation...  hotels, lodging places, places of
14   public accommodation and amusement or resort, and
15   other places to which the general public is invited,
16   subject only to the conditions or limitations
17   established by law, or state or federal regulations,
18   and applicable alike to all other persons.
19       34.  California Civil Code Section 54.3 provides that any
20  person or corporation who denies or interferes with admittance
21  to or enjoyment of the public facilities as specified in
22  Section 54 and 54.1 Civil Code is liable for EACH such offense
23  for the actual damages and any amount up to a maximum of three
24  times the amount of actual damages but in no case less than
25  $1,000 and such attorneys' fees that may be determined by the
26  Court in addition thereto, suffered by any person denied any of
27  the rights provided in Sections 54 and 54.1, for services
28  necessary to enforce those rights.

**Complaint for Injunctive Relief and Damages**

35.   As a result of the actions and failure to act of Defendants, and each of them, and as a result of the failure to provide appropriate disabled accessible guestrooms and hotel amenities, Plaintiff suffered and will suffer a loss of his civil rights to full and equal access to public facilities, suffered strain and exhaustion from attempting to negotiate barriers as well as pain and discomfort, and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes that shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, normally and naturally expected and associated with a person with a physical disability being denied access to a public accommodation, all to their damages as prayed hereinafter in an amount within the jurisdiction of this court.

36.   Plaintiff is a person within the meaning of Civil Code Sections 54 and 54.1 whose rights have been infringed upon and violated by the Defendants.   Plaintiff has been denied full and equal access during the period within two years before the filing of the complaint, and on each specific date of potential use in which full and equal access to such facility was denied or deterred.   On information and belief, Defendants have failed to act to provide full and equal public access to their subject hotel, and continue to operate in violation of the law and continue to discriminate against physically disabled persons by failing to allow access to their building, and make reasonable modifications in policy respecting servicing the disabled who cannot enter or use facilities on a full and equal basis.

37.   At all times relevant, Defendants were on notice of

the requirements of the law relating to provision for full and equal disabled access. Especially as Defendants were on full notice, each date that Plaintiff's visits the area that Defendants have continued to deny access to disabled persons constitutes a new and distinct violation of each Plaintiff's right to full and equal access to this public facility, in violation of Sections 54 and 54.1, et seq. Civil Code. In the event of a default judgment against any particular defendant, each Plaintiff will seek an injunction requiring provision of access to all facilities listed in paragraph 4, etc. (all as identified in paragraphs 14 through **Error! Reference source not found.**, above), plus damages of $4,000 damages per incident of denial and/or deterrence, plus reasonable attorneys' fees, litigation expenses and costs as set by the court, until it is brought into full compliance with state and federal access laws protecting the rights of the disabled.

38. Plaintiff has been damaged by Defendants' wrongful conduct and seek the relief that is afforded by Sections 54.1, 54.3 and 55 of the Civil Code. Each Plaintiff seeks actual damages, and statutory and treble damages against Defendants for all periods of time mentioned herein. As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject hotel, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable attorneys' fees.

39. WHEREFORE, Plaintiff asks this Court to enjoin any continuing refusal by the Defendants that currently own,

1   operate, and or lease (from or to) the subject Doubletree Hotel

2   Sonoma Wine Country, to grant such access to Plaintiff and other

3   similarly situated disabled persons, or alternatively to enjoin

4   operation of the subject Doubletree Hotel Sonoma Wine Country as

5   a public accommodation until such Defendants comply with all

6   applicable statutory requirements relating to access to

7   physically disabled persons, and that the Court award Plaintiff

8   his counsel's reasonable statutory attorneys' fees, litigation

9   expenses and costs pursuant to Civil Code Section 55, Code of

10   Civil Procedure Section 1021.5, and Health & Safety Code

11   Section 19953, and as further prayed for herein.

12          WHEREFORE, Plaintiff prays for damages and injunctive

13   relief as hereinafter stated.

14

15                   **THIRD CAUSE OF ACTION:**

16   **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

17                   **42 USC §§ 12101ff**

18      40.  Plaintiff repleads and incorporates, as if fully set

19   forth again herein, the factual allegations contained in

20   paragraphs 1 through 39, above.

21      41.  Pursuant to law, in 1990 the United States Congress

22   made findings per 42 U.S.C. Section 12101 regarding physically

23   disabled persons, finding that laws were needed to more fully

24   protect "some 43 million Americans with one or more physical or

25   mental disabilities;" that "historically society has tended to

26   isolate and segregate individuals with disabilities;" that "such

27   forms of discrimination against individuals with disabilities

28   continue to be a serious and pervasive social problem;" that

1    "the Nation's proper goals regarding individuals with
2    disabilities are to assure equality of opportunity, full
3    participation, independent living and economic self sufficiency
4    for such individuals;" and that "the continuing existence of
5    unfair and unnecessary discrimination and prejudice denies
6    people with disabilities the opportunity to compete on an equal
7    basis and to pursue those opportunities for which our free
8    society is justifiably famous..."

9        42.  Congress stated as its purpose in passing the
10   Americans with Disabilities Act (42 USC § 12101(b)):

11       It is the purpose of this act —

12           (1) to provide a clear and comprehensive national
13       mandate for the elimination of discrimination against
14       individuals with disabilities;

15           (2) to provide clear, strong, consistent,
16       enforceable standards addressing discrimination
17       against individuals with disabilities;

18           (3) to ensure that the Federal government plays a
19       central role in enforcing the standards established in
20       this act on behalf of individuals with disabilities;
21       and

22           (4) to invoke the sweep of Congressional
23       authority, including the power to enforce the 14th
24       Amendment and to regulate commerce, in order to
25       address the major areas of discrimination faced day to
26       day by people with disabilities.  (Emphasis added)

27       43.  As part of the Americans with Disabilities Act, Public
28   Law 101-336, (hereinafter the "ADA"), Congress passed "Title III

- Public Accommodations and Services Operated by Private Entities" (42 U.S.C 12181ff).  Among "private entities" which are considered "public accommodations" for purposes of this title are identified as "an inn, hotel, motel, or other place of lodging," and "a restaurant, bar or other establishment serving food or drink," and "an auditorium, convention center, lecture hall, or other place of public gathering."  (§§ 301(7), (A)-(B), and (D) [42 U.S.C. 12181].)

44.  Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

45.  Among the general prohibitions of discrimination included in Section 302(b)(1)(A) are the following:

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  — It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§ 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall be discriminatory to afford an

1    individual or class of individuals, on the basis of a

2    disability or disabilities of such individual or

3    class, directly, or through contractual, licensing, or

4    other arrangements with the opportunity to participate

5    in or benefit from a good, service, facility,

6    privilege, advantage, or accommodation that is not

7    equal to that afforded to other individuals."

8    § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It

9    shall be discriminatory to provide an individual or

10   class of individuals, on the basis of a disability or

11   disabilities of such individual or class, directly, or

12   through contractual, licensing, or other arrangements

13   with a good, service, facility, privilege, advantage,

14   or accommodation that is different or separate from

15   that provided to other individuals, unless such action

16   is necessary to provide the individual or class of

17   individuals with a good, service, facility, privilege,

18   advantage, or accommodation, or other opportunity that

19   is as effective as that provided to others."

20   46.  Among the specific prohibitions against discrimination

21   in the ADA include the following:

22   § 302(b)(2)(A)(ii): "A failure to make reasonable

23   modifications in policies, practices or procedures

24   when such modifications are necessary to afford such

25   goods, services, facilities, privileges, advantages or

26   accommodations to individuals with disabilities..."

27   § 302(b)(2)(A)(iii): "A failure to take such

28   steps as may be necessary to ensure that no individual

Complaint for Injunctive Relief and Damages

1   with a disability is excluded, denied services,
2   segregated or otherwise treated differently than other
3   individuals because of the absence of auxiliary aids
4   and services, unless the entity can demonstrate that
5   taking such steps would fundamentally alter the nature
6   of the good, service, facility, privilege, advantage,
7   or accommodation being offered or would result in an
8   undue burden;"

9      § 302(b)(2)(A)(iv):  "A  failure  to  remove
10  architectural barriers, and communication barriers
11  that are structural in nature, in existing
12  facilities...  where such removal is readily
13  achievable;"

14     § 302(b)(2)(A)(v):  "Where an entity can
15  demonstrate that the removal of a barrier under clause
16  (iv) is not readily achievable, a failure to make such
17  goods, services, facilities, privileges, advantages,
18  or accommodations available through alternative
19  methods if such methods are readily achievable."  The
20  acts and omissions of Defendants set forth herein were
21  in violation of Plaintiff's rights under the ADA,
22  Public Law 101-336, and the regulations promulgated
23  thereunder, 28 CFR Part 36ff.

24     47.  The removal of <u>each</u> of the barriers complained of by
25  plaintiff as hereinabove alleged were — at all times on or after
26  January 26, 1992 — "readily achievable."

27     48.  Further, at all times herein mentioned, modification
28  of or removal of these barriers was "readily achievable" under

1    the factors specified in the Americans with Disabilities Act of

2    1990, including but not limited to section 301(9) [42 U.S.C.

3    12181], and the Regulations adopted thereto.

4        49.  Further,  if  Defendants  are  collectively  able  to

5    "demonstrate"  that  it  was  not  "readily  achievable"  for

6    Defendants  to  remove  each  of  such  barriers,  Defendants  have

7    failed  to  make  the  required  services  available  through

8    alternative  methods  which  were  readily  achievable,  as  required

9    by Section 302 of the ADA [42 U.S.C. 12182].

10       50.  "Discrimination"  is  further  defined  under

11   Section 303(a)(2) of the ADA, for a facility or part thereof

12   that was altered after the effective date of Section 303 of the

13   ADA in such a manner as to affect or that could affect the

14   usability of the facility or part thereof by persons with

15   disabilities,  to  include  per  Section  303(a)(2)  [42  U.S.C.

16   12183], "a failure to make alterations in such a manner that, to

17   the  maximum  extent  feasible,  the  altered  portions  of  the

18   facility are readily accessible to and usable by individuals

19   with disabilities, including individuals who use wheelchairs."

20   Additionally, for alterations to areas of a facility involving a

21   "primary function," discrimination under the ADA, per Section

22   303(a)(2) (42 U.S.C. 12183), also includes the failure of an

23   entity "to make the alterations in such a manner that, to the

24   maximum extent feasible, the path of travel to the altered area

25   and the bathrooms, telephones, and drinking fountains serving

26   the altered area, are readily accessible to and usable by

27   individuals with disabilities."  On information and belief, the

28   subject  building  constitutes  a  "commercial  facility,"  and

1   Defendants have, since the date of enactment of the ADA,
2   performed alterations (including alterations to areas of primary
3   function) to the subject building and its facilities, public
4   accommodations, and commercial facilities, which fail to provide
5   facilities and paths of travel to such areas that are readily
6   accessible to and usable by individuals with disabilities, in
7   violation of Section 303(a)(2), and the regulations promulgated
8   thereunder, 28 CFR Part 36ff.

9       51.  Pursuant to the Americans with Disabilities Act, 42
10  USC 12188ff, Section 308, Plaintiff is entitled to the remedies
11  and procedures set forth in Section 204, subsection (a), of the
12  Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as
13  Plaintiff is being subjected to discrimination on the basis of
14  disability in violation of this title or has reasonable grounds
15  for believing that they is about to be subjected to
16  discrimination in violation of Sections 302 and 303.  On
17  information and belief, Defendants continue to violate the law
18  and deny the rights of Plaintiff and of other disabled persons
19  to access this public accommodation.  Pursuant to
20  Section 308(a)(2),  "[i]n cases of violations of
21  Section 302(b)(2)(A)(iv)... injunctive relief shall include an
22  order to alter facilities to make such facilities readily
23  accessible to and usable by individuals with disabilities to the
24  extent required by this title."

25      52.  As a result of Defendants' acts and omissions in
26  this regard, Plaintiff has been required to incur legal expenses
27  and attorney fees, as provided by statute, in order to enforce
28  his rights and to enforce provisions of the law protecting

1  access for disabled persons and prohibiting discrimination

2  against disabled persons. Plaintiff therefore seeks recovery of

3  all reasonable attorneys' fees, litigation expenses (including

4  expert fees) and costs, pursuant to the provisions of Section

5  505 of the ADA (42 U.S.C. 12205) and the Department of Justice's

6  regulations for enforcement of Title III of the ADA (28 CFR

7  36.505). Additionally, Plaintiff's lawsuit is intended not only

8  to obtain compensation for damages to Plaintiff, but also to

9  require the Defendants to make their facilities accessible to

10  all disabled members of the public, justifying "public interest"

11  attorneys' fees pursuant to the provisions of California Code of

12  Civil Procedure Section 1021.5.

13  WHEREFORE, Plaintiff prays that this Court grant

14  relief as hereinafter stated:

15

16  **FOURTH CAUSE OF ACTION:**

17  **DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**

18  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

19  53. Plaintiff repleads and incorporates by reference, as

20  if fully set forth again herein, the allegations contained in

21  paragraphs 1 through 52 of this complaint.

22  54. Each violation of the Americans With Disabilities Act

23  of 1990, as complained of in the Third Causes of Action

24  hereinabove (the contents of which causes of action have been

25  incorporated herein as if separately restated word for word

26  hereafter), is also a violation of section 54(c) and section

27  54.1(d) California Civil Code, further and independently

28  justifying damages, injunctive relief, and other statutory

1   relief per sections 54.3 and 55 California Civil Code, all as

2   previously pled.

3        55.  As a result of Defendants' acts and omissions in

4   this regard, Plaintiff has been required to incur legal expenses

5   and attorney fees, as provided by statute, in order to enforce

6   his rights and to enforce provisions of the law protecting

7   access for disabled persons and prohibiting discrimination

8   against disabled persons.  Plaintiff therefore seeks recovery of

9   all reasonable attorneys' fees, litigation expenses (including

10  expert fees) and costs, pursuant to the provisions of Section 55

11  of the Civil Code.  Additionally, Plaintiff's lawsuit is

12  intended not only to obtain compensation for damages to

13  Plaintiff, but also to require the Defendants to make their

14  facilities accessible to all disabled members of the public,

15  justifying "public interest" attorneys' fees pursuant to the

16  provisions of California Code of Civil Procedure Section 1021.5.

17       WHEREFORE, Plaintiff prays for damages and injunctive

18  relief as hereinafter stated.

19

20                    **FIFTH CAUSE OF ACTION:**

21  **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**

22  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

23       56.  Plaintiff repleads and incorporates by reference, as

24  if fully set forth again herein, the allegations contained in

25  paragraphs 1 through 55 of this complaint.

26       57.  Each violation of the Americans With Disabilities Act

27  of 1990, as complained of in the Third Causes of Action

28  hereinabove (the contents of which causes of action have been

1   incorporated   herein   as   if   separately   repled),   is   also   a

2   violation   of   section   51(f)   of   the   Unruh   Civil   Rights   Act,

3   further   and   independently   justifying   damages   of   $4,000   per

4   offense,   injunctive   relief,   and   other   statutory   relief   per

5   Section 52 and common law decision.

6       58.   As   a   result   of   Defendants'   acts   and   omissions   in

7   this regard, Plaintiff has been required to incur legal expenses

8   and attorney fees, as provided by statute, in order to enforce

9   his rights and to enforce provisions of the law protecting

10  access   for   disabled   persons   and   prohibiting   discrimination

11  against disabled persons.   Plaintiff therefore seeks recovery of

12  all reasonable attorneys' fees, litigation expenses (including

13  expert fees) and costs, pursuant to the provisions of Section 55

14  of   the   Civil   Code.     Additionally,   Plaintiff's   lawsuit   is

15  intended   not   only   to   obtain   compensation   for   damages   to

16  Plaintiff, but also to require the Defendants to make their

17  facilities accessible to all disabled members of the public,

18  justifying "public interest" attorneys' fees pursuant to the

19  provisions of California Code of Civil Procedure Section 1021.5.

20      WHEREFORE, Plaintiff prays for damages and injunctive

21  relief as hereinafter stated.

22

23                **SIXTH CAUSE OF ACTION:**

24   **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

25  **UNFAIR COMPETITION THROUGH VIOLATION OF CALIFORNIA AND STATE LAW**

26          **PROTECTING THE RIGHTS OF DISABLED PERSONS**

27      59.   Plaintiff   repleads   and   incorporates   by   reference,   as

28  if   fully   set   forth   again   herein,   the   factual   allegations

**Complaint for Injunctive Relief and Damages**

1    contained in paragraphs 1 through 58 of this complaint.

2        60.   On a yearly basis, the Defendants are engaged in the

3    business  of  providing  hotel  services  and  facilities  at  the

4    Doubletree Hotel Sonoma Wine Country throughout the year.

5        61.   Plaintiff have incurred actual injury and is out of

6    pocket  for  the  experience.   Defendants' unfair practice lures

7    unsuspecting disabled customers such as Plaintiff to book rooms

8    at the hotel, who expect to be able to rent an accessible room.

9    Because of the advance planning required to find an accessible

10   hotel, Defendants representations place Plaintiff in untenable

11   position  only  after  its  too  late.   Only  upon  arrival  and

12   obligation (and the incurrence of great inconvenience) do they

13   learn that Defendants falsely advertise the "accessibility" of

14   their rooms.

15       62.   In this respect, Defendants also compete unfairly and

16   otherwise  reduce  the  inventory  and  opportunity  of  disabled

17   accessible  room  available  to  Plaintiff  and  other  persons

18   similarly situated.

19       63.   Commencing  within  three  years  of  the  date  of  the

20   original  complaint  filed  in  this  action,  the  Defendants  have

21   committed acts of unfair competition, as defined by Business and

22   Professions Code section 17200, by providing facilities that are

23   inaccessible  to  the  disabled  members  of  the  general  public,

24   including, but not limited to the acts facilities beginning at

25   paragraph 14, above, all in violation of standards of sections

26   54 and 54.1 et seq. Civil Code; Title 24 of the California

27   Administrative  Code;  sections  4450-4456  Government  Code;

28   sections  19952,  19953  and  19955-19959  Health  &  Safety  Code;

1   Title III of the Americans With Disabilities Act of 1990; and

2   the Americans With Disabilities Act Access Guidelines.

3       64.   The acts and practices of the Defendants are likely to

4   continue and therefore will continue to mislead the general

5   public as to the true cost of providing the specified goods and

6   services and their expected availability to members of the

7   public with physical disabilities pursuant to law.

8       65.   As a direct and proximate result of the Defendants'

9   conduct, Defendants have received and continue to receive unfair

10  profits that rightfully belong to members of general public who

11  have been adversely affected by Defendants' conduct, such as

12  plaintiff.

13      66.   Plaintiff has no adequate remedy at law, and unless

14  the relief requested herein is granted, plaintiff will suffer

15  irreparable harm in that Doubletree Hotel Sonoma Wine Country

16  will continue to be discriminated against and denied access to

17  the specified public facilities.   Because Plaintiff seeks

18  improvement of access for persons with disabilities, which will

19  benefit a significant portion of the public, Plaintiff seeks

20  recovery of reasonable attorneys' fees pursuant to sections 52,

21  54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure,

22  section 19953 Health & Safety Code, and section 505 of the

23  Americans with Disabilities Act.

24      Wherefore, Plaintiff prays that the court grant relief

25  as requested herein below.

26  ////

27

28

Complaint for Injunctive Relief and Damages

1                 **SEVENTH CAUSE OF ACTION:**

2         **VIOLATION OF GOVERNMENT CODE SECTION 12948**

3      67.  Plaintiff repleads and incorporates by reference, as

4 if fully set forth again herein, the factual allegations

5 contained in paragraphs 1 through 66 of this complaint.

6      68.  Defendants' actions are in violation of Government

7 Code Section 12948, and the corresponding Civil Code Sections

8 51, 54, and 54.1.

9      69.  Plaintiff seeks injunctive relief, statutory and

10 compensatory damages, punitive damages, and attorneys fees under

11 the FEHA.

12        Wherefore, Plaintiff prays that the court grant relief

13 as requested herein below.

14

15                 **EIGHTH CAUSE OF ACTION:**

16 **NEGLIGENCE PER SE IN INJURING PLAINTIFF DUE TO VIOLATIONS OF**

17 **STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE**

18         **INDIFFERENCE TO THE CERTAIN RESULT**

19      70.  Plaintiff repleads and incorporates by reference, as

20 if fully set forth again herein, the factual allegations

21 contained in paragraphs 1 through 69 of this complaint.

22      71.  Defendants' actions, as previously pled, constitute

23 negligence per se, as they constitute violations of state and

24 federal laws protecting the rights and safety of disabled

25 persons such as Plaintiff.

26      72.  Further, any violation of the Americans With

27 Disabilities Act of 1990 (as pled in the Third Cause of Action

28 hereinabove, the contents of which are repled and incorporated

Complaint for Injunctive Relief and Damages             — 52 —

1   herein, word for word, as if separately restated hereafter),

2   also constitutes a violation of Section 54(c) and Section

3   54.1(d) California Civil Code, thus independently justifying an

4   award of damages and injunctive relief pursuant to California

5   law on this basis, including but not limited to Civil Code

6   Sections 54.3 and 55.

7       Wherefore, Plaintiff prays that the court grant relief

8   as requested herein below.

9

10              **NINTH CAUSE OF ACTION:**

11              **(Declaratory Relief)**

12      73. Plaintiff repleads and incorporates by reference, as

13   if fully set forth again herein, the allegations contained in

14   paragraphs 1 through 72 of this complaint and incorporates them

15   herein as if separately repled.

16      74. A present and actual controversy exists among the

17   respective rights and obligations of Plaintiff and Defendants,

18   and separately, as to the obligations that have been impressed

19   by the aforementioned statutes against the hotel property

20   irrespective of past or future ownership. Plaintiff requests a

21   judicial determination of his rights and such obligations in a

22   declaration, and also as to whether and to what extent

23   Defendants' conduct and the current configuration of the

24   property violates applicable law.

25      75. Such a declaration is necessary and appropriate at

26   this time in order that Plaintiff may ascertain his rights.

27   Such declaration is further necessary and appropriate to prevent

28   further harm or infringement of Plaintiff's Civil Rights.

Complaint for Injunctive Relief and Damages

1    Wherefore, Plaintiff prays the court grant relief as
2    requested hereinbelow.

3

4                              **PRAYER**

5        WHEREFORE, Plaintiff prays for an award and relief as
6    follows:

7        1.   That   the   building   and   grounds   currently
8    comprising the Doubletree Hotel Sonoma Wine Country be declared
9    a public nuisance and ordered closed, and/or not be allowed to
10   be reopened, and that those of the Defendants that currently
11   own, operate, and or lease (from or to) the subject building and
12   grounds currently comprising the Doubletree Hotel Sonoma Wine
13   Country and its facilities be preliminarily and permanently
14   enjoined from operating and maintaining these public facilities
15   as any public accommodation or commercial facility, i.e., so
16   long as disabled persons are not provided full and equal access
17   to the accommodations and facilities, in violation of provided
18   by Sections 54, 54.1, and 55 et seq., of the Civil Code,
19   Sections 19955 et seq. Health & Safety Code, Sections 4450, et
20   seq. Government Code, the American Standard Specifications
21   (A117.1961), or such other standards, including those of the
22   State Architect's Regulations for Handicapped Access, as found
23   in Title 24 of the California Code of Regulations or other
24   regulations as are currently required by law; and that
25   Defendants be ordered to come into compliance with the Americans
26   with Disabilities Act of 1990, including an order that those of
27   the Defendants that currently own, operate, and/or lease (from
28   or to) the building and grounds currently comprising the subject

1  Doubletree Hotel Sonoma Wine Country, inter alia, "alter the

2  subject facilities to make such facilities readily accessible to

3  and usable by individuals with disabilities," and institute

4  reasonable modifications in policies and practices, per

5  Section 308 of Public Law 101-336 (the ADA);

6      2.  General, compensatory, and statutory damages, and

7  all damages as afforded by Civil Code Sections 54.3, including

8  treble damages, for each violation and each date of use or

9  deterrence, according to proof.

10     3.  General, compensatory, and statutory damages, and

11 all damages as afforded by Civil Code Sections 52, including

12 treble damages, for each violation and each date on which

13 Defendants have denied to Plaintiff equal access for the

14 disabled under Title III of the ADA, according to proof.

15     4.  During the pendency of this action, a preliminary

16 injunction issue pursuant to Business and Professions Code

17 section 17203 to enjoin and restrain Defendants from the acts of

18 unfair competition set forth above;

19     5.  A permanent injunction pursuant to Business and

20 Professions Code section 17203 restraining and enjoining the

21 Defendants from continuing the acts of unfair competition set

22 forth above;

23     6.  Attorney's fees, litigation expenses and costs

24 pursuant to Sections 54.3 and 55 of the Civil Code,

25 Section 19953 Health & Safety Code, Section 1021.5 Code of Civil

26 Procedure, Section 505 of the ADA, and California's UCL;

27     7.  Punitive damages pursuant to Section 3294 Civil

28 Code (Re: Seventh and Eighth Causes of Action);

**Complaint for Injunctive Relief and Damages**

1      8.   For all costs of suit;

2      9.   Prejudgment interest pursuant to Section 3291 of

3   the Civil Code;

4      10.   Such other and further relief as the Court deems

5   just and proper.

6

7   Dated: January 21, 2011          THIMESCH LAW OFFICES
                                     TIMOTHY S. THIMESCH
8

9

10                                   Attorneys for Plaintiff
                                     ED MUEGGE
11

12

13                      **DEMAND FOR JURY TRIAL**

14      Plaintiff hereby demands a jury for all claims for

15   which a jury is permitted.

16

17

18   Dated: January 21, 2011

19                                   By: TIMOTHY S. THIMESCH
                                     Attorneys for Plaintiff
20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief and Damages                        — 56 —