FOLGER LEVIN LLP
Jiyun Cameron Lee (CSB No. 161667, jlee@folgerlevin.com)
199 Fremont Street, 23rd Floor
San Francisco, CA 94105
Telephone: 415.625.1050
Facsimile: 415.625.1091

Attorneys for Defendants
RLH Partnership, L.P.; Red Lion G.P., Inc.;
HLT Operate DTWC, LLC; Doubletree DTWC, LLC;
and Doubletree, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED MUEGGE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DOUBLETREE ROHNERT PARK, also doing business as "Doubletree Hotel Sonoma Wine Country"; RLH PARTNERSHIP, L.P.; RED LION G.P., INC.; HLT OPERATE DTWC CORP.; HLT OPERATE DTWC, LLC; DOUBLETREE DTWC CORPORATION; DOUBLETREE DTWC, LLC; DOUBLETREE, LLC; HILTON HOTELS CORPORATION; and DOES 1 through 50, Inclusive,<br><br>　　　　　　Defendants. | Case No. CV11 0332 BZ<br><br>RELATED CASE – Arnold v. Doubletree DTWC, LLC, et al., Case No. C10-2610-BZ<br><br>**DECLARATION OF JIYUN CAMERON LEE IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Complaint Filed:　　June 24, 2011 |

I, Jiyun Cameron Lee, declare and state as follows:

1. I am an attorney at the law firm of Folger Levin LLP, counsel of record for the Defendants in the above-captioned matter (hereinafter, the "*Muegge* Action") and in the Related Case, *Arnold v. Doubletree DTWC, LLC, et al.*, Case No. C10-2610-BZ (the "*Arnold* Action"). I have personal knowledge of the matters stated herein, and if called as a witness, I could and would testify competently to them.

///

**The *Arnold* Action Was Filed First**

2. The *Arnold* Action was filed on June 14, 2010. The *Arnold* Action concerns the alleged accessibility violations at the Doubletree Hotel in Rohnert Park, California (the "Hotel").

3. More than 6 months later, on January 24, 2011, the present lawsuit, the *Muegge* Action, was filed. The *Muegge* Action also concerns the alleged accessibility violations at the Hotel.

4. By the time the *Muegge* Action was filed, the parties in the *Arnold* Action had already completed a joint site inspection and engaged in an extensive meet and confer regarding a potential settlement of the case. I provided Plaintiff's counsel in the *Muegge* Action with a copy of the expert's report issued in the *Arnold* Action, as well as subsequent drafts of the scope of injunctive relief settlement being contemplated by parties in the *Arnold* Action.

**The Case Management Deadlines in *Muegge***

5. Pursuant to General Order 56, the Court set the following deadlines in this case:

    a. May 4, 2011 – Last day for the parties to conduct a Joint Site Inspection;

    b. 10 business days after Joint Site Inspection – Last day for the parties to meet and confer regarding settlement;

    c. 45 days after Joint Site Inspection – Last day for Plaintiff to file "Notice of Need for Mediation."

6. By Order dated May 11, 2011, this Court approved the parties' stipulation extending the above case management deadlines by 60 days. The last day to conduct a Joint Site Inspection, therefore, was July 5, 2011.

7. The Joint Site Inspection in this matter was completed well before the July 5 deadline, on May 20, 2011. At the conclusion of the Joint Site Inspection, Plaintiff's counsel advised me that he would prepare and send a settlement demand in approximately one month's time, so that the parties could conduct a meaningful settlement discussion before the deadline by which Plaintiff was to file a Notice of Need for Mediation.

///

///

8. Based on the completion of the Joint Site Inspection on May 20, 2011, the last day for the parties to meet and confer regarding settlement was June 6, 2011. The last day for Plaintiff to file a Notice of Need for Mediation was July 5, 2011.

**Plaintiff Fails to Provide a Demand**

9. To date, however, Plaintiff has never provided a demand or initiated settlement discussions. On July 11, 2011, I contacted Plaintiff's counsel to inquire regarding the status of his demand. Attached hereto as Exhibit A is a true and correct copy of my email exchange with Timothy S. Thimesch, counsel for Plaintiff, dated July 11, 2011, on the subject.

10. I contacted Plaintiff's counsel again on August 11, 2011. By email dated August 12, Mr. Thimesch responded that a demand would be sent "very soon." Attached hereto as Exhibit B is a true and correct copy of an email chain reflecting my correspondence with Mr. Thimesch on August 11 and 12, 2011.

11. I reached out to Plaintiff's counsel again on September 23, 2011, to see when Defendants might expect to receive a demand or settlement proposal from Plaintiff. Attached hereto as Exhibit C is a true and correct copy of my email to Mr. Thimesch, dated September 23, 2011.

12. To date, however, Defendants have not received a demand from Plaintiff. Plaintiff has never filed a Notice of Need for Mediation as required under the scheduling order, nor has Plaintiff sought an extension of time to do so.

**Defendants Reach a Settlement on Injunctive Relief Issues in *Arnold***

13. Meanwhile, settlement discussions continued in the *Arnold* Action. On December 6, 2011, I wrote to advise Mr. Thimesch of the settlement of the injunctive relief issues in the *Arnold* Action. In my email, I asked Mr. Thimesch to provide a demand by December 31, 2011, so that Defendants could try to resolve both cases and undertake necessary construction as efficiently as possible. Attached hereto as Exhibit D is a true and correct copy of my email to Mr. Thimesch, dated December 6, 2011, without the referenced exhibit. I never received a response from Mr. Thimesch to my December 6 email.

///

ATTORNEYS AT LAW

-3-

LEE DECLARATION IN SUPPORT OF DEFENDANTS'
MOTION FOR ADMINISTRATIVE RELIEF;
CASE NO. CV11 0332

14. On December 15, 2011, I again wrote to Mr. Thimesch, asking if he would stipulate to having a case management conference in the *Muegge* Action at the same time as the case management conference in the *Arnold* Action that is now scheduled for January 31, 2012. Attached hereto as Exhibit E is a true and correct copy of my email to Mr. Thimesch, dated December 15, 2011, without the referenced exhibit. Again, I never received a response from Mr. Thimesch to this email.

15. Attached hereto as Exhibit F is a true and correct copy of the Settlement Agreement in the *Arnold* Action dated November 17, 2011.

16. The scope of work to be undertaken by Defendants as a result of the Settlement Agreement in the *Arnold* Action is extensive. *See* Exh. F, at pp. 2-10. Under that agreement, the outside date for commencing majority of the work is January 1, 2013. *Id*., p. 12. Before Defendants commence construction, however, Defendants desire to have complete resolution of all injunctive relief issues asserted in both pending actions, so that they will not run the risk of having to re-do any work at a later date as a result of the *Muegge* action. Moreover, even if they are not required to re-do any work, for planning purposes, Defendants desire to have a full understanding of the scope of required construction so that the work can be done as efficiently as possible.

I state under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 4th day of January, 2012, in San Francisco, California.

_____/s/ *Jiyun Cameron Lee*_____
Jiyun Cameron Lee

761765.1

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-4-

LEE DECLARATION IN SUPPORT OF DEFENDANTS'
MOTION FOR ADMINISTRATIVE RELIEF;
CASE NO. CV11 0332